UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEANNE OLIVA,

    Plaintiff(s),

v.

COX COMMUNICATIONS LAS VEGAS, INC.,

    Defendant(s).

Case No.: 2:18-cv-01718-RFB-NJK

**Order**

[Docket Nos. 19, 24]

Pending before the Court is Plaintiff's motion to compel further responses to her discovery requests. Docket No. 19. Defendant filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 22, 23.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

**I.    STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing

---

[1] Also pending before the Court is a motion to strike the reply. Docket No. 24. The Court agrees that the reply was untimely. *See* Docket No. 10 at 2 n.2 ("The Court reminds the parties that the CM/ECF system may automatically generate deadlines that are inconsistent with this order and, in such instances, this order controls. *See* Local Rule IC 3-1(d)"). Nonetheless, the Court declines to exercise its discretion to strike the reply given the lack of prejudice and the relatively short delay in its filing. The motion to strike is therefore **DENIED**. <u>The Court expects strict compliance with its orders and all deadlines in the future.</u>

party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## II. ANALYSIS

There are currently numerous discovery responses in dispute, which the Court will address in turn below.[2] The Court begins by addressing some threshold issues, however.

First, Defendant contends that discovery propounded in state court prior to removal is no longer valid, and must be served again now that the case is in federal court. *See* Docket No. 22 at 2-3. The Court is not persuaded.[3] This case does not involve discovery <u>requests</u> for which the responsive deadline had not expired at the time of removal, but rather a dispute as to the sufficiency of discovery <u>objections</u> that were already served months before removal. *See* Docket Nos. 19-3, 19-5, and 19-7 (discovery responses now in dispute that were all served in May of 2018); *see also* Docket No. 1 (petition for removal filed September 7, 2018). The case law cited by Defendant does not appear to stand for the proposition that already-answered discovery becomes void upon removal. At any rate, given the extensive discovery conducted for roughly a year prior to removal,

---

[2] Many of the parties' positions are not meaningfully developed. *See, e.g.*, Docket No. 22 at 10-14. The Court is not required to address arguments raised in perfunctory fashion. *E.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). The Court has endeavored to address the parties' arguments to the extent feasible. Where resolution of a dispute on the merits is not feasible because of the inadequate briefing provided, the Court will simply apply the governing burden of persuasion to resolve the dispute.

[3] The Court shares some of the concern expressed by Plaintiff that Defendant did not raise this issue during the meet-and-confer process. Docket No. 23-1 at ¶ 3. Defendant's current position also contravenes its representations as to the status of discovery. Docket No. 7 at 8 (omitting any such contention and instead recognizing that "Plaintiff needs to file a Motion to Compel regarding outstanding discovery issues"); Docket No. 20 at 2 (omitting any such contention and identifying depositions as only remaining discovery). Given the ruling made herein, however, the Court need not opine on whether Defendant has waived this argument.

2

*see* Docket No. 7 at 2-7, the Court declines to adopt the categorical approach that Defendant seeks here, *cf. Pena v. Taylor Farms Pac., Inc.*, 2013 WL 4459852, at *2 (E.D. Cal. Aug. 16, 2013) (declining to adopt position that Defendant advocates here given the lengthy discovery process in state court prior to removal). In short, Defendant has not persuaded the Court that already-answered discovery is now void.[4]

Second, Defendant's briefing in numerous instances raises arguments that do not align with the objections made in responding to the discovery at issue. Any objection not raised in responding to the discovery has been waived. *E.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). The Court herein will address only the objections actually lodged in responding to the discovery requests.

With those threshold issues resolved, the Court will now analyze the particular discovery responses in dispute.

### A. Interrogatory 20

This interrogatory seeks identification of other incidents involving CATV boxes for five years before the incident at issue in this case. *See* Docket No. 19-3 at 7. Defendant objected on the ground that the interrogatory "is vague and ambiguous as to 'incidents involving CATV boxes' . . . [and] the information sought is irrelevant to this case." *Id.*; *see also* Docket No. 22 at 10.

The scope of proper discovery is limited to matter relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see also Bard IVC Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Even after the 2015 amendments to the discovery rules, relevance remains broad in scope. *See, e.g.*, *Fed. Nat'l Mrtg. Assoc. v. SFR Investments Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016). The Court is not persuaded by the relevance objection at bar because the

---

[4] The Court applies the Federal Rules of Civil Procedure. Fed. R. Civ. P. 81(c)(1). The Court also notes that Defendant has identified no difference between federal and state law having any bearing on the issues currently in dispute.

information sought bears on Plaintiff's ability to prove her claim. *See Chasson-Forrest v. Cox Comms. Las Vegas, Inc.*, 2017 WL 1328370, at *1 (Nev. App. Mar. 31, 2017).[5]

With respect to the purported vagueness of the term "incidents," that is a dispute that should be resolved by the parties without Court intervention. *Cf. United States ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) ("A party may not avoid responding based on technicalities. For example, a party who is unable to agree with the exact wording of [a discovery request] should agree to an alternate wording or stipulation. When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request"). The Court trusts that counsel can confer in good faith to determine a mutually agreeable understanding of that term to allow the discovery to be provided.

Accordingly, the motion to compel a response to Interrogatory 20 is **GRANTED** in part subject to an agreement by the parties as to the meaning of "incidents."

B.  Interrogatory 24

This interrogatory seeks identification of Defendant's position regarding Plaintiff's symptoms caused by the alleged incident, and the evidence supporting that position. Docket No. Docket No. 19-3 at 8. Defendant objected on the basis of work product protection. *Id.* at 9; *see also* Docket No. 22 at 10. This objection is not persuasive. It is proper for a party to propound contention interrogatories seeking identification of the opposing party's positions and the evidence in support of those positions. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact"); *see also United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007). That is what is being done here.

Accordingly, the motion to compel a response to Interrogatory 24 is **GRANTED**.

---

[5] In a diversity case, federal courts predict how the state's highest court would rule on an issue of state law. *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). In doing so, federal courts may consider unpublished decisions by the state's intermediate appellate court even though they lack precedential value. *See, e.g.*, *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

### C. Requests for Production 48 and 49

These requests seek the production of documents identifying persons who have reported slipping, tripping, or falling at one of Defendant' CATV boxes over the last ten years, as well as the details of those incidents. Docket No. 19-5 at 13. Defendant responded that the requests are overbroad, vague, unduly burdensome, and irrelevant. *Id.*; *see also* Docket No. 22 at 10.

With respect to vagueness, Defendant has not identified any aspect of the discovery request that is vague and this objection is therefore unpersuasive. With respect to relevance, Defendant incorporates by reference its arguments made with respect to Interrogatory 20, *see* Docket No. 22 at 10, which the Court has already found unpersuasive. With respect to undue burden, Defendant has not provided any declaration or other evidence as to the burden it would sustain in providing the requested documents. Defendant's conclusory assertion of undue burden is insufficient and this objection is therefore unpersuasive. *See Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 334 (D. Nev. 2016) (quoting *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997)). With respect to overbreadth, Defendant contends that a ten-year temporal scope is too broad, that a geographical limitation is appropriate, and that only incidents involving the type of CATV box at issue here should be provided. *See* Docket No. 22 at 10. While there could be some merit to these positions, there is no meaningfully developed argument explaining why that is so. *See id.* Defendant's boilerplate assertion of overbreadth is insufficient to meet its burden of persuasion. *See AMG Services*, 291 F.R.D. at 552.

Accordingly, these aspects of the motion to compel are **GRANTED**.

### D. Request for Admission 4, 5, 6, 10, 12, 13, 14, 17, 18, 19, and 21

These requests seek admissions as to various aspects of this case, such as whether Defendant owed certain duties to Plaintiff or whether Plaintiff was injured as a result of the incident alleged. *See* Docket No. 19-7 at 2-6. Defendant objected solely on the ground that these requests call for legal conclusions. *Id.*; *see also* Docket No. 22 at 10-11.[6]

---

[6] The response to Request for Admission 10 also indicated that the request was "vague and ambiguous." Docket No. 19-7 at 3. Defendant's brief opposing the motion to compel does not address that objection, Docket No. 22 at 10-11, and this objection has therefore been waived, *e.g.*,

Parties are permitted to seek admissions related to "facts, the application of law to fact, or opinion about either." Fed. R. Civ. P. 36(a)(1)(A). While requests for admission may be used to seek an admission of the application of law to the facts of the case, they may not be used to compel an admission of a conclusion of law. *Playboy Enterps., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999); *see also Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 n.4 (9th Cir. 1994). "[T]he distinction between the application of law to fact and a legal conclusion is not always easy to draw." *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1196 (D. Or. 2015) (citation and internal quotations omitted).

Unfortunately, the parties have provided little assistance in the Court's endeavor to draw this distinction in this case. Plaintiff merely quotes Rule 36(a)(1)(A) and states that her requests for admission seek application of law to fact. *See, e.g.*, Docket No. 19 at 8. Defendant's response provides a block quotation to a Nevada Supreme Court case and then indicates without meaningful discussion that these requests for admission seek legal conclusions as to ultimate issues in the case. *See, e.g.*, Docket No. 22 at 10-11. In short, neither party provides meaningful discussion to support its position.

It is well-settled that the party objecting to a request for admission bears "the burden of persuasion to show the court that the objection to the request is warranted." 7 MOORE'S FEDERAL PRACTICE, § 36.12[1] (2018); *see also Moses v. Halstead*, 236 F.R.D. 667, 681 (D. Kan. 2006); *Shapiro v. Am. Credit Union*, 2012 WL 5410660, at *2 (W.D. Wash. Nov. 6, 2012); *Vaca v. Rio Props., Inc.*, 2010 WL 4317019, at *1 (D. Nev. Oct. 27, 2010). Defendant's undeveloped position that these requests call for a legal conclusion does not satisfy that burden.

Accordingly, these aspects of the motion to compel are **GRANTED**.

E.  Request for Admission 11

This request seeks an admission that failing to completely close a CATV box can cause serious injury. Docket No. 19-7 at 3. Defendant responded that this request is "vague and ambiguous." *Id.* at 4. Defendant's brief fails to provide any support for this objection. Docket

---

*Kiessling v. Rader*, 2018 WL 1401972, at *3 (D. Nev. Mar. 20, 2018) (failure to include an argument in briefing a discovery motion results in its waiver).

No. 22 at 11. Hence, any such argument at this point has been waived. *See Kiessling*, 2018 WL 1401972, at *3.

Accordingly, this aspect of the motion to compel is **GRANTED**.

### F. Requests for Admission 15/16

Under the heading of "Request for Admission No. 16," the motion to compel quotes the text of Request for Admission 15 and then quotes the text of Defendant's objections to Request for Admission 16. *Compare* Docket No. 19 at 11 *with* Docket No. 19-7 at 4-5. Defendant's response is so vague that the Court is unclear which request for admission it is addressing, and it also seems to mismatch the request for admission and the objection lodged. Docket No. 22 at 12-13. The Court declines to guess as to what is in dispute or the parties' respective arguments. Movants bear a basic burden of presenting a motion providing clear argument identifying the parties' dispute, *see Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 244 (D. Nev. 2017), and Plaintiff's motion fails to do so.

Accordingly, this aspect of the motion to compel is **DENIED**.

## III. NOTICE TO COUNSEL

As should already have been clear, *see, e.g.*, Docket No. 10 at 2 n.1, discovery motions are not exempt from the basic requirement that the parties meaningfully develop their arguments. Parties may not merely identify an objection or response in seeking judicial intervention. Counsel for both parties have submitted briefing that is undeveloped and often unhelpful to resolution of their dispute. The Court expects better from counsel moving forward.

//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED** in part and **DENIED** in part. The discovery ordered above must be provided no later than December 10, 2018. The competing requests for sanctions are **DENIED** without prejudice. Any such request must be made by separate motion that includes meaningfully developed argument as to the entitlement to sanctions and must include the required showing as to the amount of sanctions that should be awarded. Any motion for sanctions must be filed no later than December 10, 2018.

IT IS SO ORDERED.

Dated: November 26, 2018

_____
Nancy J. Koppe
United States Magistrate Judge