UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEANNE OLIVA, an individual, | Case No. 2:18-cv-01718-RFB-NJK |
| Plaintiff, | ORDER |
| v. | |
| COX COMMUNICATIONS LAS VEGAS, INC., a foreign corporation; and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiff Jeanne Oliva's Motion to Remand. ECF No. 11. Defendant Cox Communications Las Vegas, Inc. opposed the Motion, and Plaintiff replied. ECF Nos. 13, 14.

## II. BACKGROUND

Plaintiff filed her complaint in state court on May 10, 2017, alleging personal injuries caused by Defendant's negligence. ECF No. 1-2. The complaint seeks general damages in excess of $10,000 as well as medical expenses and special damages in excess of $15,000. Id.

In August 2017, Plaintiff initially provided a computation of damages totaling $18,879.02 when moving for exemption from the state arbitration program and when providing her initial disclosures. ECF Nos. 1-3, 13-3. She supplemented her damages computation on November 6, 2018, reporting damages that totaled $22,296.02. ECF No. 11-8.

Plaintiff then testified in a deposition on May 9, 2018. See ECF No. 11-1, 7. During the deposition, Plaintiff provided testimony regarding her damages resulting from lost wages. Id. She also testified that she withdrew approximately $200,000 from her 401k as a result of her at-issue

injuries. Id. Defendants acknowledged this testimony by signing the parties' Discovery Statement Pursuant to Judge Koppe's September 10, 2018 Minute Order ("Discovery Statement").[1]

Plaintiff served her second supplement to her initial disclosures on August 22, 2018, listing her computation of damages as $30,972.62 in medical expenses, $211,708.94 in past financial loss, and $377,624.88 in future financial loss. ECF No. 13-5. Defendant then petitioned for removal on September 7, 2018, alleging diversity jurisdiction. ECF No. 1. Plaintiff now moves to remand the matter to state court. ECF No. 11.

### III. LEGAL STANDARD

A defendant may remove a matter first filed in state court to a federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over actions where the matter in controversy is greater than $75,000 if there is complete diversity between the plaintiff and each defendant. 28 U.S.C. § 1332(a).

When a matter is removable on the face of the initial pleading, a defendant must remove the matter within thirty days of service. 28 U.S.C. § 1446(b); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). When a matter is not removable on the face of the initial pleading, a defendant must remove the matter within "thirty days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper[.]" Id. at 695 (internal quotation omitted). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Id. at 694. Further, a matter may not be removed more than one year after the commencement of the action unless the plaintiff has acted in bad faith to prevent removal of the matter. 28 U.S.C. § 1446(c).

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted).

---

[1] The Discovery Statement states: "During [Plaintiff's] deposition, in addition to discussing the lost wages, Plaintiff estimated she had taken approximately $200,000 out of her 401k which she alleged was due to her injuries and inability to work." ECF No. 7 at 5.

**IV.     DISCUSSION**

The parties dispute the date on which the second window for removal under 28 U.S.C. § 1446 was triggered. Defendant argues the window was not triggered until August 22, 2018 when Plaintiff served her second supplement to her initial disclosures. Plaintiff argues the window was triggered by Plaintiff's deposition on May 9, 2018. The Court agrees with Plaintiff.

During the May 9, 2018 deposition, Plaintiff testified about her damages from lost wages and about her $200,000 withdrawal from her 401k as a result of her damages. Defendant does not dispute that such testimony occurred. Defendant, in fact, acknowledged the testimony by signing the Discovery Statement submitted to this Court. Deposition testimony may trigger the second thirty-day removal period provided for in 28 U.S.C. § 1446. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886–87 (9th Cir. 2010). Because the May 9, 2018 deposition provided notice to Defendant that the amount in controversy in this matter exceeds $75,000, the deposition triggered the second thirty-day window provided for in 28 U.S.C. § 1446(b). However, Defendant did not remove the matter until September 7, 2018—more than 120 days later. The matter must therefore be remanded because it was removed in an untimely fashion.[2]

**V.     CONCLUSION**

**IT IS ORDERED** that Plaintiff's Motion to Remand [ECF No. 11] is GRANTED. The Clerk of the Court is instructed to remand the matter to state court and close the matter accordingly.

DATED: November 27, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because Defendant removed the matter outside of the second thirty-day window provided for by 28 U.S.C. § 1446(b), the Court does not reach the parties' arguments regarding the one-year bar for removal in 28 U.S.C. § 1446(c).